IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN J. RILEY                                  :
       Plaintiff,

       v.                                   :              CIVIL NO. 05-5731

JO ANNE B. BARNHART
       Defendant.                              :


**MEMORANDUM**

**Jones, J.**                                                                                  **March 25, 2010**


    **I.**    **Procedural History**

On October 20, 2003, John J. Riley (hereinafter "Plaintiff") filed an application for Social Security benefits, which was ultimately denied by the Social Security Administration. Plaintiff requested a hearing before an Administrative Law Judge (hereinafter "ALJ"), resulting in a denial of benefits via an Unfavorable Decision, which was issued on April 29, 2005. Plaintiff then sought review by the Appeal Council however, his request for review was denied by Order dated September 2, 2005. Accordingly, the Commissioner's decision to deny benefits to Plaintiff became final on September 2, 2005, prompting the within action.

On November 2, 2005, Plaintiff filed a Complaint challenging the decisions below. An Answer was filed, subsequent to which, each party filed Motions for Summary Judgment. The matter was referred to United States Magistrate Judge Arnold C. Rapoport for a Report and

Recommendation (hereinafter "R&R"). Upon review of the record, Judge Rapoport denied Plaintiff's Motion for Summary Judgment and granted Defendant's, prompting Plaintiff to file Objections to the R&R. On April 28, 2009, the matter was reassigned from the calendar of the Honorable R. Barclay Surrick to this Court. Further briefing was ordered and submitted, thereby rendering this case ripe for disposition. For the reasons which follow, this Court will deny Plaintiff's Objections and adopt the R&R of the Honorable Rapoport.

**II. Standard of Review**

In a Social Security matter such as this, "[j]udicial review of the Commissioner's final decision is limited." *Przegon v. Barnhart*, 2006 U.S. Dist. LEXIS 8924, at **3-4 (E.D. Pa. 2006)(citations omitted). In that same vein,

> A district court judge may refer an appeal of a decision of the Commissioner to a magistrate judge. Within ten days after being served a copy of the magistrate judge's report and recommendation, a party may file timely and specific objections thereto. The district court judge will then make a *de novo* determination of those portions of the report and recommendation to which objection is made. The district court judge may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence, or recommit the matter to the magistrate judge with instructions. In reviewing the Commissioner's decision, the district court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate."

*Watson v. Barnhart*, 2008 U.S. Dist. LEXIS 36286, at *3 (E.D. Pa. May 2, 2008)(citations omitted).

In this matter, Plaintiff raises four Objections to the Magistrate's R&R. (Doc. No. 11) Objection Nos. 2, 3 and 4 are verbatim recitations of issues raised in his summary judgment motion. In fact, in sole support of these Objections, Plaintiff writes that he "incorporates herein the arguments on this point contained herein and in the Brief accompanying his Motion for

Summary Judgment." (Doc. No. 11, ¶¶ 2-3)[1] For purposes of *de novo* review, this Court is constrained to summarily reject Plaintiff's 2nd, 3rd and 4th Objections:

> Federal Rule of Civil Procedure 72 provides that a party may serve and file "specific written objections to the proposed findings and recommendations." Local Rule of Civil Procedure 72.1 goes on to indicate that such written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." In other words, an objecting party must identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge.
>
> \*.\*.\*.\*.
>
> Repeatedly, courts, both within and outside of the Third Circuit, have held that objections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review.

*Morgan v. Astrue*, 2009 U.S. Dist. LEXIS 101092, at \*\* 7-8 (E.D. Pa. Oct. 30, 2009)(citations omitted).

Inasmuch as Plaintiff herein has failed to " . . . identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge," he is not entitled to further review of these issues. *Id.* at 7.

**III.     Discussion[2]**

Plaintiff's remaining (first) Objection pertains to the allegedly deficient analysis conducted by the ALJ with specific regard to the vocational expert's testimony in response to a

---

[1] Objection 4 consists of essentially the same language. However, inasmuch as said Objection is to the Magistrate's denial of summary judgment in general, Plaintiff incorporates his *entire* summary judgment brief by reference. (Doc. No. 11, ¶ 4)

[2] Inasmuch as the Honorable Rapoport has thoroughly set forth the underlying facts of this case in his Report and Recommendation, this Court will not repeat the same herein. *See Report and Recommendation,* pp. 4-12.

hypothetical question posed by the ALJ about the classification of "security guard." Three pages of this Objection are cut and pasted from Plaintiff's Summary Judgment brief. However, the remainder of the Objection contains specific allegations regarding the Magistrate's review of the issue. Although these allegations of error could arguably be viewed as a "rehashing" of arguments previously raised before Judge Rapoport, this Court will address same.

Preliminarily, "[f]inal determinations of the ultimate issue of a claimant's disability are reserved to the Commissioner." *Hnat v. Barnhart*, 2005 U.S. Dist. LEXIS 18298, at *6 (E.D. Pa. July 26, 2005), *citing* 20 C.F.R. § 416.927. With specific regard to the issue at hand,

> By its terms, SSR 00-4p, was designed to address the already-well-established (in this Circuit and elsewhere) obligation of an ALJ to develop the record during an adjudicative hearing. As that ruling explains:
>
>> When there is an apparent unresolved conflict between VE [vocational expert] or VS [vocational specialist] evidence and the DOT,[3] the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

*Rutherford v. Barnhart*, 399 F.3d 546, 556 (3d Cir. Pa. 2005)(citations omitted).

In this case, the following exchange occurred between the ALJ and the vocational expert:

ALJ: Mr. Young, have you reviewed the evidence in this case?

WTN: Yes.

ALJ: And been present for all of [the] testimony?

WTN: Yes.

---

[3] "DOT" refers to the United States Department of Labor's *Dictionary of Occupational Titles*.

4

| | |
|---|---|
| ALJ: | Could you characterize for me, in terms of his exertional level and skill level, the work that Mr. Riley did as a security guard. |
| A; | Yes. The job title is security guard. The D.O.T. Code is 372.667-034. The D.O.T. [sic] semi-skilled and light. It's actually unskilled work. |
| Q: | And why are you saying it's unskilled work? |
| A: | In the definition, the D.O.T. includes guard dogs and firearms. It believe that's what makes it semi-skilled. |
| ATTY: | Who [sic] was your ladder [sic] part? Squad dogs and? |
| WTN: | Firearms. |

*.*.*.*

| | |
|---|---|
| Q: | Mr. Young, did you have an opportunity to review [Dr. Stenkowitz' RFC assessment]? |
| A: | I did look at it. |
| Q: | Okay. This says, lift and carry no more than ten pounds occasionally, three pounds frequently. Stand and walk 4, sit 12. What would the maximum exertional level be that would be possible with the standing, walking, and lifting and carrying? |
| A: | Light. |
| Q: | And why do you say, light? |
| A: | The stand and walk is four hours per day. |
| Q: | Right. |
| A: | At sedentary, it is two hours per day. |
| Q: | Right. |
| A: | For brief periods of time, so, four hours is more than two. Anything more than two becomes light, so the maximum range, then, is light. |

5

| | |
|---|---|
| Q: | Okay, If you had an individual who could lift and carry ten pounds occasionally, three pounds frequently, could stand and walk 4 hours, could sit for 12, so that's at least 8, this individual would have Mr. Riley's age of 56, 11th grade education, and past work experience as a security guard, in addition, the hypothetical individual could never climb ladders, ropes or scaffolds, or balance, or crawl, but only occasionally climb the stairs, bend, kneel, and crouch, [INAUDIBLE for 23 seconds] would this hypothetical individual be expected to be able to perform the work that Mr. Riley did, as a security guard? |
| A: | There are jobs, I believe, where the walking and standing is limited. It looked, instead of being a security guard, it does clock rounds. It's more it like a front desk clerk, or a [sic]. |
| Q: | We're talking about the security work, that security guard job that Mr. Riley did, either the way he performed it, or the way it's usually performed in the national economy. |
| A: | I believe, yes, in the national, and it I recall, it said, more walking and standing than 4 hours, so, no, to the particular job. |
| Q: | Take a look at what it said about standing and walking. |
| A: | I know there was no lifting at all involved. |
| Q: | He said, walk 3, stand 2, sit 3, so that would be 5 hours - |
| A: | Right. |
| Q: | - - of standing and walking. [INAUDIBLE for 27 seconds]. |

( R. 220-225)(emphasis added).

In the R&R, Magistrate Judge Rapoport found that after independently reviewing the evidence of the record, said record did ". . . not reflect any conflicts between the VE's testimony and the DOT." (Doc. No. 10, pp. 16-17) In light of the testimony set forth immediately hereinabove, the Magistrate was correct. The vocational expert's reference to the DOT was clearly with regard to Mr. Riley's prior position as a security guard who did not utilize a guard

6

dog or firearm while performing his duties. Moreover, the expert's reference to other "security work" in which "the walking and standing is limited," did not reference any provision of the DOT.

Based upon the foregoing, the ALJ opined in pertinent part as follows:

> The evidence in this case establishes that the claimant has past relevant work as a security guard.
>
> The vocational expert testified that this job is classified as at light exertional level. The vocational expert further testified that the United States Department of Labor *Dictionary of Occupational Titles* classifies this job as semi-skilled but that it is actually unskilled work unless the guard uses dogs or firearms. The claimant testified that he used neither when working as a security guard. The vocational expert further testified that the claimant's residual functional capacity would be classified at the light exertional level because it permits four hours of standing and walking a day.
>
> The Administrative Law Judge thereupon requested the vocational expert to consider a hypothetical situation involving an individual with an age, education, occupational history, and residual functional capacity the same as that of the claimant. Based on these parameters, the vocational expert testified that the hypothetical individual would be capable of performing the requirements and duties of the job of security guard as it is usually performed in the national economy.
>
> Consequently, based on the limitations established under his residual functional capacity, and relying on the testimony of the vocational expert, the Administrative Law Judge concludes that the claimant retains the residual functional capacity to return to past work as a security guard. This position, as it is generally performed throughout the national economy, does not require the performance of work activities precluded by his medically determinable limitations. Accordingly, the claimant is able to return to **the type of work** that he has performed in the past.

( R. 26-27)(emphasis added).

This Court's review of the record *in toto* similarly demonstrates that to the extent the expert's testimony could somehow be perceived as potentially "conflicted," said expert provided a sufficiently clear explanation of the type of job Mr. Riley was capable of holding, which, when

7

considered along with all of the other substantial evidence of record in this case, would properly form the basis for the ALJ 's decision. *See Lyons v. Barnhart*, 2006 U.S. Dist. LEXIS 26320, at *2 (W.D. Pa. Mar. 27, 2006)("[W]here the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently.")(citations omitted). *See also Rutherford*, 399 F.3d at 558 (noting that although some minor inconsistencies may exist between a vocational expert's testimony and DOT information, said testimony can still provide substantial evidence for the ALJ's conclusions).

> As briefly referenced hereinabove,
>
> > It is not the role of the Court to re-weigh the evidence of record or substitute its own conclusions for that of the ALJ. Upon appeal to this Court, the Secretary's factual determinations, if supported by substantial evidence, shall be conclusive. The conclusiveness applies both to findings of fact and to inferences reasonably drawn from that evidence.

*Chanbunmy v. Astrue,* 560 F. Supp. 2d 371, 376 (E.D. Pa. 2008)(citation omitted), *aff'd,* 317 Fed. Appx. 195 (3d Cir. Pa. 2009).

In view of the foregoing, this Court finds that the ALJ's ruling was proper, as was Magistrate Rapoport's assessment of same. Accordingly, Plaintiff's Objection on to this point is overruled.

**IV.     Conclusion**

For the reasons set forth hereinabove, Plaintiff's Objections to the Magistrate's Report and Recommendation are denied and the Report and Recommendation of the Magistrate is hereby adopted and approved. An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones    II    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN J. RILEY :
    Plaintiff,

v. : CIVIL NO. 05-5731

JO ANNE B. BARNHART
    Defendant. :

## ORDER

AND NOW, this 25th day of March, 2010, upon consideration of: Plaintiff's Motion for Summary Judgment and Statement of Issues in Support of Request for Review (Doc. No. 7); Defendant's Brief in Opposition to Plaintiff's Motion and in Support of Defendant's Motion for Summary Judgment (Doc. No. 8); United States Magistrate Judge Arnold C. Rapoport's Report and Recommendation that Plaintiff's Motion for Summary Judgment should be denied and Defendant's Motion for Summary Judgment should be granted (Doc. No. 10); Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Rapoport (Doc. No. 11); and, Defendant's Response to Plaintiff's Objections (Doc. No. 17), it is hereby ORDERED and DECREED that:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are OVERRULED;

(2) Magistrate Judge Arnold C. Rapoport's Report and Recommendation is APPROVED AND ADOPTED;

(3) Plaintiff's Request for Review is DENIED; and,

(4) Judgment shall be ENTERED in favor of Defendant.

BY THE COURT:

/s/ C. Darnell Jones  II     J.